**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY P. PUCKETT,<br><br>Petitioner - Appellant,<br><br>v.<br><br>ROBERT GOWER, Acting Warden[*];<br>KAMALA D. HARRIS,[**] Attorney<br>General,<br><br>Respondents - Appellees. | No. 09-15470<br><br>D.C. No. 2:06-cv-01200-RJB<br><br>MEMORANDUM[***] |

Appeal from the United States District Court
for the Eastern District of California
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted November 16, 2011
San Francisco, California

Before: HAWKINS, McKEOWN, and M. SMITH, Circuit Judges.

---

[*] Robert Gower, Acting Warden, is substituted for his predecessor, Thomas Felker, pursuant to Fed. R. App. P. 43(c)(2).

[**] Kamala D. Harris is substituted for her predecessor, Bill Lockyer, as Attorney General of California, pursuant to Fed. R. App. P. 43(c)(2).

[***] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Jeremy Puckett ("Puckett") appeals the denial of his habeas petition challenging California jury convictions for robbery and special circumstance murder. We affirm, concluding that the California Court of Appeal's decisions—(1) that alleged prosecutorial misconduct in the opening statement did not deprive Puckett of due process; and (2) that limitations the trial court set on Puckett's cross-examination of the prosecution's key witness Israel Sept ("Sept") did not violate due process or Puckett's Sixth Amendment right to confrontation—constituted objectively reasonable applications of clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

Prosecutorial misconduct merits habeas relief only if it "so infected the trial with unfairness as to make the resulting conviction a denial of due process," *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks and citation omitted). A jury is also presumed to follow a curative instruction unless there is an "overwhelming probability that [it] will be unable" to do so and "a strong likelihood that the effect of the evidence would be devastating to the defendant." *Greer v. Miller*, 483 U.S. 756, 767 n.8 (1987) (internal quotation marks and citations omitted). Here, the prosecutor's statements regarding the untimely pre-trial death of a potential witness and the request Sept made to detectives for protection for his family were prejudicial. However, the trial court's curative instructions—which both specifically

2

addressed the prejudicial statements at issue and more generally reminded the jury not to speculate or treat the opening statement as evidence—and its subsequent polling of jurors demonstrate that any prejudice did not so infect the trial as to deny due process.

Although preventing a criminal defendant from inquiring *at all* into an accusing witness's bias or credibility may violate his constitutional right to confrontation, *see Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986), trial judges retain "wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id.* at 679. Here, the trial court did not "den[y] the jury sufficient information to appraise [Sept's] biases and motivations," *see United States v. Jenkins*, 884 F.2d 433, 436 (9th Cir. 1989) (internal quotation marks and citation omitted). Instead, it "reasonably limit[ed]" cross-examination of Sept to the nature and magnitude of his alleged bias without allowing Puckett to inquire into the potentially complicated factual context surrounding that bias—questioning that would at best generate "marginally relevant" evidence at the likely expense of jury confusion and other concerns. *See Van Arsdall*, 475 U.S. at 679-80. Furthermore, in an immediately preceding sidebar, the trial court had warned Puckett's defense counsel that he would not be able to engage in the tangential questioning at issue. Thus, Puckett's secondary argument—that his defense

3

counsel should have been allowed to effectively sidestep the trial court's advance warning by first barging into issues he knew he might not be able to develop and then asserting that fairness required that he be allowed to fully develop those issues—is unavailing.

**AFFIRMED.**